IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLADAPO AJIBOLA, #S14092, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-01339-SMY |
| ) | |
| ANGELA GALBRIATH, ) | |
| C/O BROADWAY, ) | |
| JOHN DOE 1, ) | |
| JOHN DOE 2, and ) | |
| DANIEL MONTI, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Oladapo Ajibola, an inmate in the custody of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Correctional Officer Broadway assaulted Plaintiff on September 12, 2021. While Broadway maliciously kicked Plaintiff in his chest and stomach, Sergeant John Doe and Nurse John Doe watched without offering Plaintiff assistance or medical care. Plaintiff filed a grievance notifying Warden Daniel Monti of the assault but he has not separated Broadway from Plaintiff. Broadway gave Plaintiff a

breakfast tray on September 27, 2021 with food soaked in bleach.

Law library clerk Angela Galbraith has obstructed and deliberately frustrated Plaintiff's rights to access to the courts by not making copies of important court documents and not returning Plaintiff's originals to him on multiple occasions. She does not reply to his requests for important case citations relating to research to support his current civil lawsuit. Her actions are hindering the completion of his 1983 civil lawsuit against the administration.

## Severance

Because Plaintiff's claims involve separate matters and different defendants, the Court must determine whether the claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*, 507 F.3d at 607. Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Plaintiff's claim against the law library clerk is unrelated to his other claims. Accordingly, consistent with *George v. Smith* and Federal Rules of Civil Procedure 20 and 21, the Court will sever that claim into a separate action against Defendant Angela Galbraith. The claim will be subject to review under 28 U.S.C. § 1915A in the newly severed case. The claims remaining in this lawsuit will be reviewed below.

**Discussion**

In the Complaint, Plaintiff states his grievances on his claims are pending administrative review. He attached copies of his grievances dated September 12, 23, and 27, 2021 and October 9, 2021. This raises the issue of whether this lawsuit was filed prematurely – before he fully exhausted his administrative remedies within the prison system.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir.1999). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The purpose of the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle,* 534 U.S. 516, 52425 (2002). "A suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

While failure to exhaust administrative remedies is an affirmative defense, when it is clear from the face of the Complaint that a prisoner has not exhausted his available remedies, the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal. *Jones v. Bock,* 549 U.S. 199, 214–215 (2007); *see also Walker v. Thompson,* 288 F.3d 1005, 1009–10 (7th Cir.2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so

plain from the face of the complaint that the suit can be regarded as frivolous").

Here, because the failure to exhaust is obvious by Plaintiff's own admission, this case will be dismissed without prejudice.[1] Plaintiff may file a new lawsuit after exhausting administrative remedies as required by the PLRA.

## Disposition

Plaintiff's claim against Defendant Angie Galbriath is **SEVERED** into **SEVERED CASE #1**. In the newly severed case, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2).

As for the claims remaining in this case, the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915A and 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies before filing suit. The dismissal **SHALL NOT** count as a strike under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be non-meritorious, Plaintiff may incur a "strike."

If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee

---

[1] "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

**IT IS SO ORDERED.**

DATED: November 4, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**