IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLADAPO AJIBOLA, #S14092, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-01339-SMY |
| | ) |
| C/O BROADWAY, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

**YANDLE, District Judge:**

Plaintiff Oladapo Ajibola, an inmate in the custody of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Following preliminary review of the Complaint as required by 28 U.S.C. § 1915A, the lawsuit was dismissed without prejudice and judgment was entered, based on Plaintiff's admitted failure to exhaust administrative remedies prior to filing suit (Docs. 10, 11). This matter is now before the Court on Plaintiff's Motion to Reconsider (Doc. 14).

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. However, the Seventh Circuit approves of district courts construing motions to reconsider under Rule 59(e). *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Rule 59(e) provides a potential basis for relief when a party challenges the Court's application of the law to the facts of the case. *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999).

Citing *Jackson v. District of Columbia*, 254 F.3d 262 (D.C. Cir. 2001), Plaintiff argues that in an emergency situation when there is no time to use the prison grievance system, a prisoner can file a lawsuit and request a preliminary injunction from the court. He contends that being forced to wait until after a grievance is resolved can result in irreparable harm. Plaintiff's argument is

flawed in several respects. First, the United States Court of Appeals, District of Columbia Circuit is not controlling precedent for this Court. And fifteen years after the *Jackson* decision, the Supreme Court emphasized the mandatory nature of the exhaustion requirement in *Ross v. Blake*, 587 U.S. 632, 638-642 (2016) and rejected any "special circumstances" exception to the mandate. Finally, Illinois has created an emergency grievance procedure – an expedited process for prisoners to submit a grievance directly to the warden who determines whether "there is a substantial risk of imminent personal injury or other serious or irreparable harm" to the inmate. 20 ILL.ADMIN.CODE § 504.840.

As there is no manifest error of law or fact in the Court's order dismissing this case, Plaintiff's Motion to Reconsider (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 1, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**